1  SARAH B. ABSHEAR (270947)
   sarah.abshear@dinsmore.com
2  DINSMORE & SHOHL LLP
   PNC Tower
3  101 S. Fifth Street, Suite 2500
   Louisville, KY 40202
4  Ph: 502-540-2537
   Fx: 502-585-2207
5
   Attorney for Defendant
6  UNITED PARCEL SERVICE, INC.

7

8

9            **UNITED STATES DISTRICT COURT**

10           **CENTRAL DISTRICT OF CALIFORNIA**

11

| 12  MARC LOPEZ, | Case No.: |
|---|---|
| 13         Plaintiff, | **NOTICE OF REMOVAL** |
| 14  v. | **DEMAND FOR JURY TRIAL** |
| 15 | District Judge:  TBD |
| 16  UNITED PARCEL SERVICE, INC., | Magistrate Judge:  TBD |
| 17  an Ohio corporation; MARK | |
|     SORIANO, an individual; and DOES | First Amended Complaint filed: |
| 18  1 through 25, inclusive, | September 8, 2021 |
|     | Trial date:  Not Yet Assigned |
| 19         Defendants. | |

20       United Parcel Service, Inc. ("UPS"), by counsel and pursuant to 28 U.S.C. §§

21  1331, 1332, 1441, and 1446, hereby gives notice of the removal of the above-styled

22  action to this Court.  In support of its Notice of Removal, UPS states as follows:

23                        **INTRODUCTION**

24       1.    Plaintiff Marc Lopez ("Plaintiff") filed this action on August 11, 2021 in

25  the Superior Court of California, County of Orange, as *Marc Lopez v. United Parcel*

26  *Service, Inc., an Ohio Corporation; and Does 1 through 25, inclusive*, Case No. 30-

27  2021-01215072-CU-WT-CJC. Following UPS's disclosure that it intended to remove

28  his Complaint, Plaintiff subsequently filed the First Amended Complaint on September

8, 2021 as *Marc Lopez v. United Parcel Service, Inc., an Ohio Corporation; Mark Soriano, an individual; and Does 1 through 25, inclusive* (the "State Court Action").

2. On August 12, 2021, UPS was served the Summons and initial Complaint. As of this filing, UPS has not been served with the amended Summons and First Amended Complaint, although Plaintiff's counsel provided UPS's counsel with a courtesy copy of these filings on September 9, 2021, and informed her that they were filed on September 8, 2021. Upon information and belief, Mark Soriano and Does 1 through 25, inclusive, have not been served in this action.

3. True and accurate copies of all process, pleadings, and orders served, filed, or entered in the State Court Action as of the date of the filing of this removal are attached hereto as **Exhibits A through E**.

4. While UPS contends that the allegations in Plaintiff's First Amended Complaint lack merit, Plaintiff seeks damages for (1) wrongful termination in violation of public policy; (2) retaliation in violation of California Labor Code ("Labor Code") § 1102.5; (3) failure to provide meal and rest periods in violation of Labor Code §§ 226.7 & 512, and Industrial Welfare Commission ("IWC") Wage Orders; (4) intentional infliction of emotional distress; (5) intentional misrepresentation; and (6) negligent misrepresentation. Plaintiff demands a jury trial. Ex. A, First Amended Complaint.

## **REMOVAL PROCEDURE AND VENUE**

5. In accordance with 28 U.S.C. § 1446(a), venue is proper in the United States District Court for the Central District of California because it is the district court for the district and division where the State Court Action is pending (Superior Court of California, County of Orange).

6. In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is timely filed. Furthermore, this Notice of Removal is filed less than one year from the commencement of this action pursuant to 28 U.S.C. § 1332.

7.    In accordance with 28 U.S.C. § 1446(d), UPS will promptly provide written notice of the filing of this Notice to Plaintiff.

8.    Pursuant to 28 U.S.C. § 1446(d), UPS will file a duplicate copy of the Notice with the Clerk of the Superior Court of California, County of Orange.

## BASIS FOR REMOVAL FOR DIVERSITY JURISDICTION

9.    This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, diversity jurisdiction, as this civil action is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

10.    This action does not include any nonremovable claims pursuant to 28 U.S.C. § 1445.

## COMPLETE DIVERSITY OF CITIZENSHIP

11.    Plaintiff is an individual who resides in Orange County, California, at the time of filing and at all times relevant to this action. *See* Ex. A, First Amended Complaint at 2. He is a citizen of the state of California for the purposes of determining diversity of citizenship under 28 U.S.C. § 1332.

12.    Defendant Mark Soriano is alleged to be an individual who resides in Orange County, California, at the time of filing and at all times relevant to this action. *Id.* Upon information and belief, he is a citizen of the state of California for the purposes of determining diversity of citizenship under 28 U.S.C. § 1332.

13.    For the purposes of diversity jurisdiction, a corporation is considered a citizen of both the state in which it is incorporated and the state in which its principal place of business is located. UPS is a corporation incorporated in the state of Ohio with its principal place of business located in Atlanta, Georgia. Accordingly, UPS is a citizen of both the state of Ohio and the state of Georgia for the purposes of determining diversity of citizenship under 28 U.S.C. § 1332.

14.    In determining whether a civil action is removable on the basis of the jurisdiction arising under 28 U.S.C. § 1332, the citizenship of defendants sued under fictitious names, such as "Doe," is disregarded. *See* U.S.C. § 1332(b)(1).

15.     Upon information and belief, Defendant Mark Soriano, like UPS, has not been served with the First Amended Complaint. Defendant Mark Soriano was not named as a defendant in the initial Complaint and has not appeared in the State Court Action. Therefore, at the time of removal, UPS is the only defendant that should be considered for the purposes of determining diversity of citizenship under 28 U.S.C. § 1332.

16.     Thus, removal is proper pursuant to 28 U.S.C. § 1441(b) because there is complete diversity among the parties to the action. *See Cucci v. Edwards*, 510 F. Supp. 2d 479 (C.D. Cal. 2007) (holding removal was proper where plaintiff was a citizen of New York, removing defendant was a citizen of Texas, and other named defendants who were citizens of California were not yet served at the time of removal).

17.     The exception to removal based on diversity citizenship in 28 U.S.C. § 1441(b)(2) does not apply as there are no defendants of the State of California which have been "joined and *served*" in the State Court Action (emphasis added). *See, e.g.*, *Colo. Seasons, Inc. v. Friedenthal*, No. LA CV19-09050 JAK (FFMx), 2020 U.S. Dist. LEXIS 84645, at *4 (C.D. Cal. May 13, 2020) (upholding removal of action on the basis of diversity jurisdiction under 28 U.S.C. § 1332 in which a forum defendant had been named in the complaint, but had not yet been properly "joined and served.")

18.     Based on the foregoing, the requirement of complete diversity of citizenship is satisfied here.

## AMOUNT IN CONTROVERSY

19.     While the exact amount in controversy is unstated in the First Amended Complaint, a cause of action may be removed where the defendant establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

20.     Here, Plaintiff seeks: lost wages and other employment benefits; emotional and physical distress damages; payment of the meal and rest period premium as provided by law; punitive damages; and attorneys' fees and costs.

21.     With respect to lost wages, Plaintiff's alleged potential back pay damages as of this filing are $95,653.60. He was a full-time employee and earned $38.57 per hour ($38.57 per hour x 40 hours per week x 62 weeks unemployed = $95,653.60 in potential back pay as of this filing). Therefore, a calculation of Plaintiff's alleged potential back pay alone exceeds $75,000 if proven at trial.

22.     With respect to payment of the meal and rest period premiums as provided by law, Plaintiff's alleged potential recovery also exceeds $75,000. Section 11 of the Wage Order No. 4 provides that "the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the *meal* period is not provided" (emphasis added). Section 12 of Wage Order No. 4 provides that "the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the *rest* period is not provided" (emphasis added). Plaintiff alleges in his Complaint that he was employed from July 2015 through July 3, 2020, and that he "repeatedly" falsified his timesheets to account for unpaid meal and rest periods. *See* Ex. A, Complaint at 3.

23.     With respect to punitive damages, Plaintiff could potentially recover $10,000 in damages for his one termination claim alleged pursuant to Labor Code § 1102.5, which provides that "[i]n addition to other penalties, an employer that is a corporation or limited liability company is liable for a civil penalty not exceeding ten thousand dollars ($10,000) for each violation of this section."

24.     Plaintiff's alleged potential damages are well in excess of $75,000 if proven at trial, exclusive of a calculation of potential emotional distress damages, punitive damages under Plaintiff's common law claim, or attorneys' fees, which Plaintiff also claims.

25.     Based on the foregoing facts and circumstances, this matter constitutes an action which could have originally been brought before this Court pursuant to 28 U.S.C. § 1332 and may be removed by UPS pursuant to 28 U.S.C. § 1441.

## BASIS FOR REMOVAL FOR FEDERAL QUESTION JURISDICTION

26.     This Court also has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1331. Defendant may remove this action to this Court pursuant to 28 U.S.C. §1441, because some of Plaintiff's claims arise under and are wholly preempted by Section 301 of the Labor Management Relations Act (29 U.S.C. § 185) ("LMRA").

27.     Section 301 of the LMRA preempts state law claims that derive from or are dependent upon the interpretation of a collective bargaining agreement ("Section 301 preemption"). *Paige v. Henry J. Kaiser Co.*, 826 F.2d 857, 861 (9th Cir. 2001) (ruling that Section 301 of the LMRA "preempts claims founded directly on rights created by collective bargaining agreements, and also claims which are substantially dependent on analysis of a collective bargaining agreement").

28.     Plaintiff was employed as a mechanic journeyman, and his duties involved assisting in repairing and maintaining UPS's fleet of vehicles. He was a union member of the affiliated Local Lodge No. 1186 of The International Association of Machinists and Aerospace Workers ("IAMAW"), District Lodge No. 947. As such, the terms and conditions of his employment were governed in relevant part by the UPS & IAMAW National Master Agreement, in effect from August 1, 2019 through July 31, 2024, and the accompanying local rider for Local Lodge No. 1186, in effect for the same period.

29.     By way of example of the basis for Section 301 preemption, Plaintiff's second claim of retaliation under Labor Code § 1102.5 is subject to Section 301 preemption because the circumstances surrounding the termination of Plaintiff's employment depends upon the interpretation of the relevant collective bargaining agreement. Plaintiff alleges that he along with three other employees were terminated for the same conduct (stealing time, which was caught on camera), but that those three employees were reinstated whereas he was not. He alleges that the fact that he was not

reinstated was retaliation for his advocacy as shop steward for safer working conditions. However, Plaintiff's employment was not reinstated due to a prior grievance settlement with the union when he was terminated once before for the same conduct. Plaintiff grieved the initial termination. As part of the grievance settlement, Plaintiff's employment was reinstated, but he agreed that should he commit the same offense again, his employment would not be reinstated a second time. By contrast, it was the other employees' first such offense, so their employment was reinstated just as Plaintiff's had been after his first offense. Because the circumstances surrounding Plaintiff's termination require interpreting the relevant collective bargaining agreement with respect to the disciplinary process and dispute resolution process of union employees, this claim is also subject to Section 301 preemption.

30.    Additionally, Plaintiff's fourth claim of intentional infliction of emotional distress is subject to Section 301 preemption because his termination was subject to and depends on an inquiry into the relevant collective bargaining agreement.

31.    Based on the "artful pleading" doctrine Defendant believes that additional claims may similarly be preempted per Section 301.

32.    Based on the foregoing facts and circumstances, this matter constitutes an action which could have originally been brought before this Court pursuant to 28 U.S.C. § 1331 and may be removed by UPS pursuant to 28 U.S.C. § 1441.

## SUPPLEMENTAL JURISDICTION

33.    To the extent that there are remaining claims for relief that are not preempted as described above, these claims are within the supplemental jurisdiction of this Court under 29 U.S.C. Section 1367(a) in that they are so related to the preempted claims that they form a part of the same case or controversy under Article III of the United States Constitution. In the alternative, any such other claims for relief are separate and independent claims that are properly removable to this Court pursuant to 28 U.S.C. Section 1441(c). Thus, this action is removable in its entirety.

1     34.    By virtue of this Notice for Removal, UPS does not waive its right to
2 assert any claims or defenses or to make other motions related to Plaintiff's claims.
3     WHEREFORE, UPS respectfully requests that this action be removed to the
4 United States District Court for the Central District of California, and that the Superior
5 Court of California, County of Orange, proceed no further with respect to this action.
6
7
8
9                                          Respectfully submitted,
10 Dated:  September 10, 2021       DINSMORE & SHOHL LLP
11
12                                         By: */s/ Sarah B. Abshear*
13                                            SARAH B. ABSHEAR (270947)
14                                          sarah.abshear@dinsmore.com
15                                     Attorney for Defendant
16                                     UNITED PARCEL SERVICE, INC.
17
18
19
20
21
22
23
24
25
26
27
28

1

## <u>CERTIFICATE OF SERVICE</u>

2      I, the undersigned, do hereby certify that on September 10, 2021, a true copy of

3   this document was served via CM/ECF upon all counsel of record, as indicated below:

4
      Brigitte Mills                                    ***Attorneys for Plaintiff***
5      Arash Sadat
      Camron Dowlatsahi
6      MILLS SADAT DOWLAT LLLP
7      333 South Hope Street,
      40th Floor
8      Los Angeles, CA 90071
      Ph: 213-628-3856
9      brie@msdlawllp.com
      arash@msdlawllp.com
10     camron@msdlawllp.com

11

12      I declare under penalty of perjury under the laws of the United States of America

13   that the above is true and correct.

14

15                                              */s/ Sarah B. Abshear*
16                                              SARAH B. ABSHEAR

17

18

19

20

21

22

23

24

25

26

27

28