JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

MARC LOPEZ,

        Plaintiff,

  v.

UNITED PARCEL SERVICE, INC., MARK SORIANO, and DOES 1–25, inclusive,

        Defendants.

Case No.: SACV 21-01492-CJC(DFMx)

ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [Dkt. 9]

## I. INTRODUCTION

In this case, Plaintiff Mark Lopez alleges that Defendants United Parcel Service ("UPS") and Mark Soriano unlawfully terminated him. (Dkt. 1-1 [First Amended Complaint, hereinafter "FAC"].) Before the Court is Plaintiff's motion to remand the

case to Orange County Superior Court.  (Dkt. 9 [hereinafter "Mot."].)  For the following reasons, that motion is **GRANTED**.[1]

## II. BACKGROUND

Plaintiff was employed as a mechanic at the UPS Anaheim facility from July 2015 through July 3, 2020.  (FAC ¶ 7.)  As part of his employment, he was a union member of the affiliated Local Lodge No. 1186 of The International Association of Machinists and Aerospace Workers, District Lodge No. 947, and a collective bargaining agreement ("CBA") therefore applied to him.  (Dkt. 12 [Opposition, hereinafter "Opp."] at 3; Dkt 14-1 [Amended Declaration Of Sarah Abshear] ¶ 9.)  In February 2020, Plaintiff took on the role of shop steward.  (*Id.* ¶ 8.)  In that role, Plaintiff "was a vocal advocate for the health and safety of his coworkers," reporting "several safety violations he witnessed within the shop."  (*Id.* ¶¶ 9–11.)  As a result, Plaintiff alleges that "UPS management devised a plan to terminate him."  (*Id.* ¶ 13.)

On July 3, 2020, Plaintiff and three other employees were terminated for falsifying timesheets.  (*Id.*)  Plaintiff alleges, however, that their conduct "was done at the direction of their supervisor, defendant Mark Soriano," who "repeatedly instructed employees to falsify timesheets if they were unable to take their meal or rest breaks at the required time."  (*Id.* ¶ 14.)  The three other employees terminated were rehired within less than a week, but Plaintiff was not rehired.  (*Id.* ¶ 16.)  Plaintiff alleges that the reason he was not rehired is because he reported health and safety violations.  (*Id.*)

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for November 15, 2021 at 1:30 p.m. is hereby vacated and off calendar.

Plaintiff alleges claims for (1) wrongful termination in violation of public policy, (2) retaliation, (3) failure to provide meal and rest periods, (4) intentional infliction of emotional distress, (5) intentional misrepresentation, and (6) negligent misrepresentation. (*Id.* ¶¶ 19–58.)

## III.  LEGAL STANDARD

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotations omitted). A defendant may remove to federal district court a civil action brought in state court when a federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). By statute, federal courts have diversity jurisdiction over suits where more than $75,000 is in controversy if the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1332(a). The burden of establishing subject matter jurisdiction falls on the defendant. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

The removal statute is strictly construed against removal jurisdiction. *Id*. Indeed, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*. If the court determines that it lacks subject matter jurisdiction, the action shall be remanded to state court. 28 U.S.C. § 1447(c).

## IV.  ANALYSIS

Defendant removed this case based on diversity jurisdiction and federal question jurisdiction. In this motion, Plaintiff challenges both theories of jurisdiction. The Court addresses each challenge in turn.

### A.     Diversity Jurisdiction

Plaintiff first argues that this case should be remanded because Defendant Mark Soriano is a California citizen who destroys complete diversity. (Mot. at 5–6.) Defendant responds that Mr. Soriano does not destroy complete diversity because he has not yet been served. (Opp. at 6–7.)

Defendant relies on 28 U.S.C. § 1441(b)(2), which states that "a civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added). Defendant contends that the phrase "properly joined and served" means that a defendant must have been served to defeat diversity jurisdiction. (Opp. at 6–7 [collecting cases, including *Choi v. Gen. Motors LLC*, 2021 WL 4133735, at *2 (C.D. Cal. Sept. 9, 2021) (applying the "plain language" of the statute to conclude that an action may be removed only if a local defendant has not yet been served)].)

But "Section 1441(b) does not abrogate Section 1332's requirement of complete diversity." *Scates v. FedEx Ground Package Sys., Inc.*, 2020 WL 5759121, at *6 (C.D. Cal. Sept. 25, 2020). Rather, it is "an additional limitation on the removal doctrine that the Court reaches only if diversity jurisdiction is already present." *Id.*; *see Pinter v. Arthury J. Gallagher Serv. Co., LLC*, 2016 WL 614348, at *4 (C.D. Cal. Feb. 16, 2016) (explaining that Section 1441(b) "functions as a limitation on removal, not an expansion of diversity jurisdiction"); *see also Zirkin v. Shandy Media, Inc.*, 2019 WL 626138, *2 (C.D. Cal. Feb. 14, 2019) (analyzing Section 1441(b) after diversity jurisdiction under Section 1332 was established). In other words, even when diversity jurisdiction exists, Section 1441(b) provides that an action may not be removed if any properly joined and served defendant is a citizen of a state in which the action is brought. *Pinter v. Arthury J.*

*Gallagher Serv. Co., LLC*, 2016 WL 614348, at *4 (C.D. Cal. Feb. 16, 2016).  For example, Section 1441(b) comes into play when an action is "filed in California state court by a New York citizen against a Florida defendant and a California defendant." *Id.* In such a case, "removal would not be permitted despite complete diversity of citizenship," *id.*, because "a civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought," 28 U.S.C. § 1441(b)(2).

Accordingly, the Ninth Circuit "has specifically rejected the contention that § 1441(b) implies that service is the key factor in determining diversity." *Preseau v. Prudential Ins. Co. of Am.*, 591 F.2d 74, 78 (9th Cir. 1979) (discussing its decision in *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174 (9th Cir. 1969)); *see Pecherski v. Gen. Motors Corp.*, 636 F.2d 1156, 1160 (8th Cir. 1981) (explaining that "the mere failure to serve a defendant who would defeat diversity jurisdiction does not permit a court to ignore that defendant in determining the propriety of removal," and expressly stating its agreement with *Preseau*).  Instead, diversity is determined by the "citizenship of any codefendant, joined by the plaintiff in good faith," regardless of whether the defendant has yet been served. *Preseau*, 591 F.2d at 79.  The Supreme Court has also stated that "the fact that the resident defendant has not been served with process does not justify removal by the non-resident defendant," and that "the non-resident defendant should not be permitted to seize an opportunity to remove the cause before service upon the resident co-defendant is effected." *Pullman Co. v. Jenkins*, 305 U.S. 534, 541 (1939).

Here, there is not complete diversity because both Plaintiff and Defendant Mark Soriano are California citizens.  Plaintiff appears to have joined Mr. Soriano, a California citizen, in good faith. *See Preseau*, 591 F.2d at 79.  Indeed, he alleges that Mr. Soriano specifically instructed him to perform the conduct for which Defendant states he was

terminated.  (Compl. ¶¶ 14–15.)  The fact that Mr. Soriano has not yet been served does not change the fact that there is not complete diversity.  *See Preaseau*, 591 F.2d at 79; *Pecherski*, 636 F.2d at 1160; *Pullman*, 305 U.S. at 541; *Scates*, 2020 WL 5759121, at *6; *Pinter*, 2016 WL 614348, at *4.  Because there is not complete diversity under Section 1332, this case is not "otherwise removable solely on the basis of [diversity jurisdiction]," and Section 1441(b)(2) does not apply.

### B. Federal Question Jurisdiction

Defendants also removed based on federal question jurisdiction, arguing that Plaintiff's claims for retaliation and intentional infliction of emotional distress arise under and are wholly preempted by Section 301 of the Labor Management Relations Act ("LMRA").  (Opp. at 9–11.)  Federal courts have subject matter jurisdiction over cases "arising under" federal law.  28 U.S.C. § 1331.  Generally, under the "well-pleaded complaint rule," cases arise under federal law only when "a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  An exception to the well-pleaded complaint rule occurs "when a federal statute wholly displaces the state-law cause of action through complete pre-emption."  *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003).  In these instances, cases asserting state law claims that fall within the scope of the preemption are removable under 28 U.S.C. § 1441 even though no federal claim expressly appears on the face of the complaint.  *See id.*

Defendant argues that it has a federal preemption defense under Section 301 of the LMRA.  (Opp. at 7–11.)  Section 301 of the LMRA gives federal courts exclusive jurisdiction to adjudicate "[s]uits for violation of contracts between an employer and a labor organization."  29 U.S.C. § 185(a).  Section 301 "mandate[s] resort to federal rules of law in order to ensure uniform interpretation of collective-bargaining agreements

['CBAs'], and thus to promote the peaceable, consistent resolution of labor-management disputes." *Lingle v. Norge Division of Magic Chef, Inc.*, 486 U.S. 399, 404 n.3 (1988). Accordingly, any suit "alleging a violation of a provision of a labor contract must be brought under § 301 and be resolved by reference to federal law." *See Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 210 (1985). However, it is well settled that Section 301 does not preempt "nonnegotiable rights conferred on individual employees as a matter of state law." *Livadas v. Bradshaw*, 512 U.S. 107, 123 (1994). "Setting minimum wages, regulating work hours and pay periods, requiring paid and unpaid leave, protecting worker safety, prohibiting discrimination in employment, and establishing other worker rights remains well within the traditional police power of the states, and claims alleging violations of such protections will not necessarily be preempted, even when the plaintiff is covered by a CBA." *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019) (quotations omitted).

Courts in the Ninth Circuit apply a two-step approach to determine whether Section 301 preempts a state law claim. "First, we ask whether the asserted cause of action involves a right that exists solely as a result of the CBA." *Id.* (quotations omitted). In other words, the first step considers whether the claim seeks to vindicate a right or duty created by the CBA. *See id.* If so, the claim is preempted and the analysis ends. *See id.* If not, courts proceed to the second step and consider "whether a plaintiff's state law right is substantially dependent on analysis of the CBA." *Id.* at 1153 (cleaned up). A state law right is "substantially dependent" if it requires "interpreting," as opposed to simply "looking to," the CBA. *See id.* Here, Plaintiff asserts claims based on state law rights. Specifically, he alleges that he was retaliated against for reporting health and safety violations. Accordingly, his claims are only preempted if they are "substantially dependent on analysis of the CBA." *See id.*

Plaintiff's claim for retaliation for reporting health and safety violations is not preempted by the LMRA. *See Brown v. Brotman Med. Ctr., Inc.*, 571 F. App'x 572, 575 (9th Cir. 2014) (reversing district court's decision that a retaliation claim under California Labor Code § 1102.5(b) was preempted by the LMRA); *Paige v. Henry J. Kaiser Co.*, 826 F.2d 857, 863 (9th Cir. 1987); *see Balog v. LRJV, Inc.*, 204 Cal. App. 3d 1295, 1304 (Ct. App. 1988), *reh'g denied and opinion modified* (Sept. 20, 1988) (concluding that claim of wrongful termination based on reporting violations of health and safety regulations "in no way implicate[d] collective bargaining or unionization" and was not preempted); *Garcia v. Rite Aid Corp.*, 2017 WL 1737718, at *5 (C.D. Cal. May 3, 2017) ("[W]rongful termination claims based on allegedly discriminatory discharge are not preempted."). This is because "[t]he elements of [a retaliation] claim require an inquiry into the respective actions of the employer and employee in order to determine whether [the employer] retaliated against [the employee]"—an inquiry that does "not depend on interpretation of terms in the CBA." *Brown*, 571 F. App'x at 575; *see Garcia v. Rite Aid Corp.*, 2017 WL 1737718, at *7 (C.D. Cal. May 3, 2017) (finding no preemption of retaliation claim under Cal. Lab. Code § 1102.5).

Defendant argues that deciding Plaintiff's claims will require interpreting the CBA because the true reason Plaintiff was fired was "proven dishonesty" under Article 21, Section 21.20 of the CBA. (Reply at 9.) Defendant argues that the Court will have to interpret "proven dishonesty," a defined concept in the CBA. (*Id.*) But "in the context of § 301 complete preemption, the term 'interpret' is defined narrowly—it means something more than 'consider,' 'refer to,' or 'apply.'" *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1033 (9th Cir. 2016) (quoting *Balcorta v. Twentieth Century–Fox Film Corp.*, 208 F.3d 1102, 1108 (9th Cir. 2000)). The Court is not persuaded that determining whether dishonesty was a valid ground for termination will require anything more than reference to the CBA. Moreover, because Plaintiff's claim "is plainly based

on state law, § 301 preemption is not mandated simply because [Defendant] refers to the CBA in mounting a defense." *Id.*[2]

## V. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is **GRANTED**, and this case is hereby **REMANDED** to Los Angeles County Superior Court.

DATED:     November 3, 2021

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

---

[2] For similar reasons, Plaintiff's intentional infliction of emotional distress claim is not preempted. "[E]motional distress claims are preempted if they can be resolved only by referring to the terms of the CBA." *Perugini v. Safeway Stores, Inc.*, 935 F.2d 1083, 1087 (9th Cir. 1991).  However, such claims "arising from discrimination, harassment, and retaliation are not preempted because such conduct is not controlled by the terms of the CBA." *Garcia*, 2017 WL 1737718, at *6; *see Brown*, 571 F. App'x at 574.